UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-00226-MAA                                           Date: July 31, 2025

Title    Huayan Sun v. Alejandro N. Mayorkas, et al.

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

|  Cindy Delgado  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**   **ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION**

  On January 9, 2025, Plaintiff Huayan Sun ("Plaintiff") filed a Petition for Writ of Mandamus and Complaint for Injunctive Relief against the Secretary of the Department of Homeland Security, the Director of the United States Citizenship and Immigration Services, and the Director of the Los Angeles Asylum Office (collectively, "Defendants") (ECF No. 1) and requested that a civil summons be issued as to all Defendants (ECF No. 3).  The same day, the Clerk issued a 60-Day Summons as to all Defendants.  (ECF No. 6.)

  On January 24, 2025, Plaintiff filed a proof of service purporting to show that service had been "executed in compliance with the Federal Rules of Civil Procedure" ("Rules").  (ECF No. 7.) The proof of service suggests, however, that proper service has not been effected.  Rule 4(i) provides:

> (1) *United States.* To serve the United States, a party must:
>
> > (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> >
> > (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> >
> > (B) ***send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.***; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:25-cv-00226-MAA | Date: July 31, 2025 |
| Title   Huayan Sun v. Alejandro N. Mayorkas, et al. | |

    (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

    (2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i)(1)–(2) (emphasis added).

    Here, the proof of service indicates that copies of the summons and complaint were sent by certified mail to (1) the civil-process clerk at the United States attorney's office for the Central District of California (ECF No. 7-1, at 1), (2) the "USCIS Los Angeles Asylum Office" in Tustin, California (*id.* at 3), (3) the "Office of the General Counsel, U.S. Department of Homeland Security," in Washington, D.C. (*id.* at 5), and (4) "USCIS Office of the Chief Counsel" (*id.* at 7). The Court does not opine on whether service was otherwise proper, but notes that no evidence has been presented to show that copies of the summons and complaint were sent to the Attorney General of the United States as required by Rule 4(i)(1)(B).

    Rule 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  Extensions of this deadline require a showing of good cause. *Id.*

    Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** why the action should not be dismissed without prejudice for lack of prosecution.  Plaintiff must file a written response to this Order to Show Cause **within 14 days**.  As an alternative to a written response, Plaintiff may discharge this Order to Show Cause by filing one of the following:

- Proof of Service evidencing that copies of the summons and complaint were sent to the Attorney General of the United States as required by Rule 4(i)(1)(B) within 90 days of filing the complaint, together with a Request for Entry of Default;
- Notice of Settlement; or
- Request for Voluntary Dismissal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-00226-MAA                                                    Date: July 31, 2025

Title   Huayan Sun v. Alejandro N. Mayorkas, et al.

    No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the dismissal of this action.

    IT IS SO ORDERED.